## MONROE *v.* ACWORTH.

Where a pauper notice stated the sums expended, "since the fifth day of October, up to December 31, inclusive," it was held that the fifth day of October was not included.

ASSUMPSIT, to recover $115.80, for relief afforded to paupers having their settlement in the defendant town, alleged to have been furnished at the time of the service of notice upon the defendants, and also $88.15, for relief alleged to have been furnished within one year from and after the day on which said notice was served. The notice was dated January 1, 1859; was served January 4, 1859, and averred that on the fifth day of October, 1858,

the paupers, then and ever since poor, &c., and having their settlement, &c., were relieved, and have ever since been supported by the plaintiffs, and that the sums expended by said plaintiffs for such relief and support, " since said 5th day of October, up to December 31, 1858, inclusive," were as follows; specifying the items of expenditure.

The case was transferred, for the purpose of obtaining the opinion of the court as to the sufficiency of the notice.

*Woods & Binghams*, for the plaintiffs, argued that the word "since" excludes the 5th of October from the computation, and the word "inclusive," following the words and figures, December 31, 1855, relates to the latter date only, and not to the previous date of October 5, 1858. But they contended that even if the notice was construed to embrace October 5, and so covered a period of ninety-one days, the plaintiffs might still recover what was proved to have been expended within ninety days, though the notice failed to make the distinction; and they cited Revised Statutes, ch. 66, secs. 9, 10, 13 and 14. They urged that this would not be a case where the notice, in bad faith, contained more than was expended; and that it was not necessary that the plaintiffs should prove all that the notice contained; and they cited *Barnstead* v. *Strafford*, 8 N. H. 142; *Southbridge* v. *Charlton*, 15 Mass. 248; *Berlin* v. *Gorham*, 34 N. H. 277.

*Cushing*, for the defendants, contended that the relief being all lumped together in the notice, with nothing by which that furnished on the 5th day of October could be separated from the rest, and being of such a nature that it might well have been furnished in considerable quantities on the 5th of October, the notice did not so specify the sums expended within ninety days from the service of the notice as to entitle the town to maintain its action for any

Monroe *v.* Acworth.

part of the supplies furnished before the service of the notice; citing *Lisbon* v. *Bath*, 21 N. H. 327; *Briggs' Petition*, 29 N. H. 552; *Wilkinson* v. *Albany*, 28 N. H. 9.

BELLOWS, J.  The notice is dated January 1, 1858, and professes to give notice of the sums expended since the 5th day of October, 1858, and up to December 31, inclusive.

The term, "since October 5," would not ordinarily be held to include that day, and we are inclined to think that the term "inclusive," following the words, December 31, 1858, applies only to the latter date.

It is obviously capable of that construction, and we think it most in harmony with the previous language; and the same views apply to the language of the first three items in the account.

Independent of the word "inclusive," the notice must be regarded as applying to a period since October 5, 1858; and as that term may properly be construed the same as if it had read, "to and including the day of the date, or the 31st December," we cannot hold that it is inconsistent with the term, "since October 5, 1858."

The day of the service of the notice, as in the case of posting warrants for town meetings, service of writs, &c., is not to be included in the computation of time.  *Osgood* v. *Blake*, 21 N. H. 550; *Grafton Bank* v. *Kimball*, 20 N. H. 107.

This view renders it unnecessary to consider the other point suggested by the plaintiffs' counsel, and there must be judgment for the plaintiffs, for the amount stated in the notice.